The opinion of the Court was delivered by
Withers, J.
One objection to the decision on circuit is this: that the plaintiff has sued by no name at all, inasmuch as he appears by the designation of “ M. Myers, adm’r. of R. Starnes, deceased.” The objection founds itself upon the disclosure, by the letters of administration that the person, to whom administration of the estate of R. Starnes was committed, was “ Matthias Myers.”
Sometimes a case has been presented where an exception, seemingly of the same nature as the present, has been made by way of motion for nonsuit — the allegata and probata not corresponding : as in Quarles vs. Collier, (3 Strob. 223). A distinction, however, will be found; for in such cases there was no exception that could arise on the face of the plaintiff’s pleading.
Here, it is insisted, that the plaintiff has set forth no name at all — and the question has been in such cases, in our practice, whether the objection must be taken by way of demurrer or plea in abatement. So late as January last, we determined, in Charleston, in a case, the name of which is not now recollected, (a) that the objection, in an instance like that before us now, must come in the form of a plea in abatement, as in case of misnomer. It was ruled on the Circuit accordingly, and there was no error in that.
*476 In the second place, it is urged, that the process alleged the note sued upon was destroyed, whereas the proof established only that it had been mutilated. We learn from the report that a mutilated portion of the note was produced. We think this established that it had been destroyed, as a legal instrument, as the foundation of an action upon a single bill and the original evidence to support it. The portion produced might serve to aid other evidence calculated to establish the existence of such a single bill as the plaintiff alleged had been destroyed. It was not the single bill itself which had originally existed.
The next ground taken for the defence assumes the destruction of the single bill, and urges, that, having been destroyed more than four years before action brought, the debt had become one on simple contract; and the position arising thereon we understand to be, either that the statute of limitations barred the action, or else that the form of action was misconceived, and should have been in the nature of assumpsit.
We hold, on the contrary, that the loss or destructien of a single bill does not change the nature of the demand : if it did, then a misfortune merely might subject a plaintiff to the loss of a righteous demand, either by the bar of the statute of limitations, or by being thrown behind debts upon specialty in the marshal-ling of insufficient assets.
In the case of Wardlaw vs. Gray, (Dud. Eq. 85), it is manifest that the Court of Equity would have allowed a note, for more than $2000, to have been set up, though alleged to have been lost, as a sealed instrument, and taking rank among specialties, if that Court had been satisfied that the seal was not spurious.
It is adjudged that the motions in this case be dismissed.
O’Neall, Evans, Wardlaw and Frost, JJ. concurred.

Motions dismissed.

 Wilthaus vs. Ludecus; Kinloch vs. Carsten, ante pp. 326, 330.